Taft, J.
The question to be determined is whether Section 5141.16, Revised Code, authorizes the Common *595 Pleas Court to commit defendant to the Boys’ Industrial School merely on the recommendation of the Grand Jury. By its words, it does, but defendant argues that this section of the Code has been repealed by implication. This statutory section was enacted many years ago and was in substantially the same form when the Revised Statutes were enacted in 1880. See Section 755, Revised Statutes.
Section 2151.25, Revised Code, reads:
“ When a child is arrested under any charge, complaint, affidavit, or indictment, whether for a felony or a misdemeanor, such child shall be taken directly before the Juvenile Court. If the child is taken before a justice of the peace, mayor, judge of the police or municipal court, or judge of the Court of Common Pleas other than a Juvenile Court, such justice of the peace, mayor, judge of the police or municipal court, or judge of the Court of Common Pleas shall transfer the case to the Juvenile Court. The officers having such child in charge shall take him before the juvenile judge, who shall proceed to hear and dispose of the case in the same manner as if the child had been brought before him in the first instance. Upon such transfer or taking of such child before such judge, all further proceedings under the charge, complaint, information, or indictment shall be discontinued in the court of said justice of the peace, mayor, police or municipal judge, or judge of the Court of Common Pleas other than a Juvenile Court, and the case relating to such child shall thenceforth be within the exclusive jurisdiction of the Juvenile Court and shall be deemed to be upon a complaint filed in such court as fully as if the appearance of such child had been upon a complaint filed in and a citation or warrant of arrest originally issued by such court.” (Emphasis added.)
*596 As indicated by the above-emphasized portions of this section, it apparently confers “exclusive jurisdiction” on the Juvenile Court with respect to a felony charge against a minor. Those portions of that section were first enacted as Section 1659, General Code, in 1931 (114 Ohio Laws, 121) and were included in Section 1639-29, General Code, as enacted in the revision, consolidation and codification of the juvenile laws of the state in 1937 (117 Ohio Laws, 529).
However, it is argued that Section 5141.16, Revised Code, may still be given effect by reason of the herein-before-emphasized portions of the provisions of Section 2151.26, Revised Code. Those portions were first enacted as Section 1639-32, General Code, as a part of the revision, consolidation and codification of the juvenile laws of the state in 1937 (117 Ohio Laws, 531). Somewhat similar provisions had been enacted as Section 1681, General Code, at the same time as what is now Section 2151.25, Revised Code, was first adopted in 1931 (see 114 Ohio Laws, 121).
It is obvious that the Common Pleas Court is not, to use the words of Section 2151.26, Revised Code, “authorized to make” any “such disposition * * * for a like act committed by an adult” as is contemplated and provided for by Section 5141.16, Revised Code. The Common Pleas Court is certainly not authorized to dispose of an adult, who is charged with committing a felony, by thus depriving him of his liberty “on the recommendation of the Grand Jury without presenting an indictment.” Therefore, our conclusion is that Section 5141.16, Revised Code, is entirely inconsistent with and necessarily repealed by the subsequently enacted provisions of Sections 2151.25 and 2151.26, Revised Code. That the General Assembly contemplated that its 1937 revision, consolidation and codification *597 of the juvenile laws of the state might involve a repeal of sections not specifically repealed, is found in that part of the language of section 3 of that 1937 act, which reads: ‘ ‘ That * * * all other sections or parts of sections of the General Code inconsistent herewith, be, and the same are hereby repealed.” (117 Ohio Laws, 538.)
Since the Common Pleas Court is no longer authorized to act pursuant to Section 5141.16, Revised Code, the judgment of the Court of Appeals must be reversed and the cause remanded to the Common Pleas Court.

Judgment reversed.

Matthias, Hart and Zimmerman, JJ., concur.
Weygandt, C. J., Stewart and Behl, JJ., dissent.